USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-25-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
FERMIN PENA,

            Petitioner,      :    PRO SE

    -against-              : 08 Civ. 3828 (SHS)(THK)

H.D. GRAHAM, Superintendent    :    **ORDER**

            Respondent.
------------------------------------------X

**THEODORE H. KATZ, United States Magistrate Judge.**

    This pro se action for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was referred to this Court by the Honorable Sidney H. Stein, United States District Judge. Presently before the Court is a motion by Petitioner for Application to Appoint Counsel, pursuant to 18 U.S.C. § 3006A(g). For the reasons set forth below, the motion is denied.

    Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Gardner v. New York, No. 04 Civ. 4675 (LTS) (DF), 2005 WL 696953, at *1 (S.D.N.Y. Mar. 24, 2005); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). Under 28 U.S.C. § 1915(e)(1), however, a court may appoint pro bono counsel to represent petitioners in civil cases. In this Circuit, "[d]istrict courts exercise substantial discretion in deciding whether to appoint counsel . . . ." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003). When deciding whether to appoint counsel, "the

1

district judge should first determine whether the indigent's position seems likely to be of substance." Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge, 802 F.2d at 60-1). Where this threshold requirement is met, a court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge, 802 F.2d at 61-2).

Applying these factors to the Petition, the Court concludes that this action does not merit the appointment of counsel. Petitioner has already filed his Petition and appears able to deal with the straightforward factual and legal issues involved. Further, there will be no need for Petitioner to engage in additional fact finding since the Court need only rely on the record and prior counsel's submissions in the New York courts.

2

Accordingly, Petitioner's application is denied.

                SO ORDERED.

                _____
                THEODORE H. KATZ
                UNITED STATES MAGISTRATE JUDGE

Dated:    August 25, 2008
           New York, New York

Copies mailed to:

Fermin Pena
03-A-1587
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

Nancy D. Killian
Assistant District Attorney
Bronx County
198 East 161st Street
Bronx, New York 10451
(718) 590-2156

3